A. V. McFADDIN v. THE STATE.

No. 14718. Delivered February 3, 1932.

The opinion states the case.

*F. G. Vaughn,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is keeping a gambling house, as denounced in article 625, Penal Code; the punishment, confinement in the penitentiary for two years.

A state ranger testified that he went to appellant's house in the month of October, 1930, and found several games of chance in progress. He said that in one room he found a table upon which the parties were betting and wagering in a game called blackjack, and in another room a game of dice was in progress. These games were being participated in by a number of people, it appearing that they were playing against the banker. On December 21st of the same year the ranger again visited appellant's house, and found games of the same character in progress. Appellant was present and sat immediately behind the banker of the game

of dice. Appellant rented and had the care, control and possession of the premises at the time of his arrest.

The fact that appellant was keeping a place for gambling, as denounced by the statute, was shown by direct testimony. Hence appellant's objection to the charge of the court for its failure to submit an instruction covering the law of circumstantial evidence was properly overruled.

Appellant objected to the charge of the court for its failure to define the word "resort", and in response to the objection the court undertook to define such word. Appellant then objected to the definition on the ground that it was on the weight of the evidence. We deem it unnecessary to discuss the charge. That the place where the gambling was being carried on was resorted to on several occasions by numerous participants in the game was undisputed. Hence, if the court's charge was inaccurate it could not, in our opinion, have resulted in injury to appellant. The testimony showing guilt was overwhelming. Appellant offered no testimony..

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.