RAYFORD DUKES V. STATE

No. 27,461. March 16, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) April 27, 1955

*A. L. Wardlaw,* Fort Worth, and *C. C. McMillan,* Stephenville, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for robbery by the use of firearms; the punishment, five years in the penitentiary.

The state's evidence shows that the injured party, Henry Parker, was robbed while engaged in a poker game with three other companions, Seaborn Benningfield, Cecil Abraham, and George Heath, as the four were gambling in an old house on the Heath Place situated in the Huckabay community in Erath County.

According to the state's testimony, the four were seated at a table when two men appeared at the door around 1:30 o'clock in the morning with handkerchiefs tied over their mouth and chin and each holding a pistol which they were pointing towards the group. The man who was described as the older and taller of the two stated, "This is a holdup." Whereupon the four poker players were forced at the point of guns to stand up and face the wall. After the four were in this position the younger and smaller of the two men proceeded to search the pockets of the injured party and take from him his billfold which contained $500.00 in currency, and at the same time searched Benningfield and Abraham and took their billfolds and some personal effects.

After the robbery the two men left in a car and were pursued by Parker and Benningfield who, during the pursuit, came upon a Cadillac automobile which had run into a tree at a sharp curve on the highway. Upon seeing no one in the Cadillac car, Parker went to a house to call the officers who thereafter arrived at the scene of the wreck. After the arrival of the officers, a truck drove up and stopped, and a man riding with the driver got out. The evidence shows that such person was C. W. Dukes, a brother of the appellant, who the witnesses, Parker and Benningfield testified was the older and taller of the two men who had robbed them.

The witnesses, Parker and Benningfield, both testified that several days after the robbery they accompanied certain officers to Center, Texas, and identified the appellant as one of the men

who had robbed them. While testifying as witnesses for the state, they positively identified appellant as the younger and smaller of the two men who had robbed them on the night in question.

Appellant did not testify in his own behalf but interposed the defense of alibi, offering the testimony of witnesses who testified that they saw appellant in Center, Texas, at various times during the day and night before the robbery. One of the witnesses testified that she saw appellant as late as 10:25 o'clock on the night before the robbery.

Bills of Exception Nos. 1 and 2 present appellant's exception to the action of the trial court in sustaining the state's objection to certain questions propounded on cross-examination of the state's witness Parker as to whether the witness had visited in Tarrant County on several occasions, and whether he had ever seen anyone else play poker at the George Heath residence beside the four men who were playing there on the night of the robbery. Such inquiries were as to immaterial matters and the court did not err in sustaining the state's objection thereto.

By Informal Bills Nos. 3, 4 and 5 appellant further complains of the action of the court in sustaining the state's objection to the questions propounded on cross-examination of the state's witness, Parker, as to whether he had done quite a bit of gambling and had been charged by complaint for gambling and for felony offenses involving moral turpitude. Such questions were improper for impeachment purposes. Under Article 732a, Vernon's Ann. C.C.P., a witness can not be impeached by showing that he has been charged unless he was finally convicted of the offense.

Bill No. 6 relates to the court's refusal to declare a mistrial after the witness Parker, at the request of state's counsel, had pointed out in the courtroom the appellant's brother, C. W. Dukes, as the other man who participated in the robbery. We perceive no error in permitting the witness to identify appellant's brother as one of the participants in the robbery.

Appellant's objections to the court's charge will next be considered.

Appellant objected to the charge on the ground that the court did not instruct the jury that before they could convict

him, they must find and believe beyond a reasonable doubt that in fact he participated in the robbery, and for the failure to instruct the jury that although they believed that C. W. Dukes, together with some other person, committed the robbery, they could not convict the appellant unless they believed that the person acting with C. W. Dukes was in fact the appellant.

The court in its charge defined "principals" in the applicable language of Articles 65 and 66, Vernon's Ann. P.C., and in applying the law to the facts from the State's standpoint, required the jury to find beyond a reasonable doubt that the appellant, "either alone or acting with C. W. Dukes, as a principal," as the term "principals" has been defined, committed the offense, and further, to find that appellant exhibited a firearm in the commission of the offense before they could find him guilty. The court further instructed the jury: "If you do not so believe and find beyond a reasonable doubt, or, if you have a reasonable doubt thereof, you will find the defendant not guilty."

The charge further submitted the issue of alibi and instructed the jury that if the evidence raised a reasonable doubt as to the presence of the appellant at the time and place where the offense was committed, they would find him not guilty.

The issue of appellant's presence and participation in the robbery was properly covered in that part of the charge applying the law to the facts which required the jury to find beyond a reasonable doubt that appellant, either alone or acting with C. W. Dukes, committed the robbery, before they could find him guilty. The instruction to the jury that if they did not so find and believe beyond a reasonable doubt, or if they had a reasonable doubt thereof, they would acquit appellant, sufficiently submitted the converse of the fact issue of appellant's participation in the robbery. Moore v. State, 100 Texas Cr. R. 352, 273 S.W. 588, and McKinnon v. State, 159 Texas Cr. Rep. 65, 261 S.W. 2d 335.

We conclude that the affirmative submission of the issue of alibi in the court's charge, together with the instructions applying the law to the facts on the issue of guilt, was an adequate submission, from appellant's standpoint, of the issue of his presence and participation in the robbery.

The judgment of conviction is affirmed.

Opinion approved by the court.