## EDWARD HENRY KASSNER v. STATE

No. 27,558. May 4, 1955
State's Motion for Rehearing Denied
(Without Written Opinion) June 8, 1955

*S. J. Spann* and *Jake B. Jarmon,* Corpus Christi, for appellant.

*Noah Kennedy, Jr.,* County Attorney, Corpus Christi, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the misdemeanor offense of drunken driving; the punishment, a fine of $50.00 and 15 days in jail.

Attracted by the manner in which appellant was driving his automobile, a highway patrolman stopped him. The patrolman testified that at that time appellant was intoxicated and under the influence of intoxicating liquor.

A chemical analysis of a specimen of appellant's blood showed an alcoholic content of .32%. The chemist was permitted to testify that a person with that percentage of alcohol in the blood was in a state of intoxication.

Appellant denied that he was intoxicated and under the influence of intoxicating liquor, notwithstanding the fact that he admitted having drunk three bottles of beer.

The jury were authorized to believe the state's testimony. Their verdict is supported by the facts.

In Burton v. State, 149 Texas Cr. R. 327, 194 S.W. 2d 398, we held it to be reversible error to prove or to propound interrogatories having for their purpose the proving of prior accusations of the misdemeanor offense of drunken driving (Art. 802, Vernon'n P.C.). That holding is also supported by Art. 732a, C.C.P.

Bills of exception in this case approved by the trial court without qualification show that the rule stated was here violated.

It follows that for the error pointed out, the judgment in this case must be reversed and the cause remanded. It is so ordered.