STANLEY TOMLINSON V. STATE

No. 28,142. April 11, 1956.

*Roy A. Scott* and *Walter E. Chastain,* Corpus Christi, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for the unlawful possession of morphine, with punishment assessed at six years in the penitentiary.

The appellant and Robert Morgan occupied as their residence and place of abode an apartment in an apartment house. Peace officers knocked on the door of the apartment, entered, and found Morgan and the appellant in the room. Appellant was lying on the bed. The two men were arrested and taken to the police station.

The officers later returned and made a complete search of the apartment, which resulted in the finding of the traces of morphine and other narcotics which the state relied upon for a conviction.

Appellant objected to proof as to the result of the search as being illegal and without lawful authority. Were it not for the facts hereafter adverted to, a serious question would have been presented.

Appellant introduced Morgan, as a witness, who testified that the narcotics and instruments found by the officers in the search belonged to him and that appellant had no connection, possession, or ownership thereof. By his testimony Morgan completely exonerated appellant from any guilty connection with the narcotics.

In so testifying, however, appellant's objection to the evidence obtained as a result of the search was waived, because he placed in evidence, by his own witness, the facts—that is, the fruits of the search—to which he was objecting.

Upon cross-examination of this witness and for the purpose of impeachment, the state inquired of the witness if it was not a fact that he, the appellant, John Doe, and James Conn did not conspire, in the early part of January, 1952, to rob the Acme Drug Store in Corpus Christi; that, in pursuance thereof, the drug store was robbed; and that the parties named, including the witness, were indicted for that robbery.

The witness was further interrogated as to whether or not he had been arrested on felony charges involving moral turpitude more than thirty-five times. He admitted that at the time of the giving of his testimony he was "residing" in the "County Jail," upon a charge of burglary.

Appellant's objection to all that testimony as being an unwarranted and illegal impeachment was overruled.

Testifying as a witness in his own behalf, appellant denied having the possession, knowledge, or control of the narcotics found as a result of a search of the apartment. He testified that he knew the witness Morgan pleaded guilty to the possession thereof and "went to the penitentiary and served approximately two years for having those things."

Upon cross-examination of the appellant, the state's counsel repeatedly inquired of appellant as to the various acts and conduct on his part and of the pendency of various accusations against him. In some instances, the pending indictment was either introduced or read into the evidence.

Appellant objected to such testimony as being improper cross-examination, and proof of mere pending indictments for impeachment purposes he insisted was not admissible.

Upon this question, our state's attorney has expressed the opinion that such testimony was not admissible.

Art. 732a, Vernon's C.C.P., reads as follows:

"Indictment, information or complaint not admissible to impeach witness.

"The fact that a defendant in a criminal case, or a witness in a criminal case, is, or has been, charged by indictment, information or complaint, with the commission of an offense against the criminal laws of this State, of the United States, or any other State shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment, information or complaint a final conviction has resulted, or a suspended sentence has been given and has not been set aside, or such person has been placed on probation and the period of probation has not expired."

That statute is direct and positive that proof of the fact that an accused or witness in a criminal case is or has been charged by indictment, information, or complaint with the commission of an offense is not admissible for impeachment purposes unless the accused has been finally convicted thereunder.

We have given effect to the statute in Dempsey v. State, 159 Tex. Cr. R. 602, 266 S.W. 2d 875; Rodriquez v. State, 160 Tex. Cr. R. 453, 272 S.W. 2d 366; Dukes v. State, 161 Tex. Cr. R. 423, 277 S.W. 2d 710; Kassner v. State, 161 Tex. Cr. R. 646, 279 S.W. 2d 341.

We agree with our state's attorney that the instant facts show a violation of the statute and authorities cited.

The judgment is reversed and the cause is remanded.