R. B. GRIMES, SCOTT DAVIS AND BARNEY STAGGNER V. STATE.

No. 30,601. April 8, 1959.
State's and Appellant Barney Staggner's Motions for
Rehearing Overruled May 20, 1959.
Second Motion for Rehearing Overruled October 14, 1959.

342

*Charles H. Dean,* Plainview, *Burks & O'Connor,* Lubbock, and *Charles W. Tessmer,* Dallas, (on appeal only) for Appellant Grimes; *Boling & Griffith,* by *S. P. Boling,* Lubbock, *William T. Moore,* Bryan and *Robert C. Benavides,* Dallas, for Appellants Scott Davis and Barney Staggner.

*Joe L. Cox,* District Attorney, Plainview, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

These three appellants were tried jointly, and each convicted of the offense of keeping and exhibiting a gaming table or bank; Grimes and Staggner were assessed a punishment of three years each, and Davis' punishment was assessed at two years.

Rangers, a liquor control officer, and deputy sheriffs made a raid for illicit alcoholic beverages and found a dice game in progress in an unfurnished tenant house on the farm of one Elliott in Hale County. There were some nine or ten players in the game, eight of whom testified for the state in this prosecution. The officers found the players around a table approximately

four feet wide and six feet long covered with a green cloth on which were marked lines, numbers and letters, which one of the rangers described as a "dice layout." On the table were a pair of dice and a dice stick, and in front of appellant Staggner was a pile of money, some of which was in its original wrappers as it had come from the bank and which when counted was shown to amount to $2660. The other players had negligible sums before them.

In order to show that the appellants were guilty of the offense charged, the state relied upon the testimony of the players, who were arrested and plead guilty to the offense of gambling.

It is sufficient, we think, to say that Staggner and Davis were shown to have been busily engaged in the operation of a professional dice game for some time prior to the night of their arrest, while none of the witnesses had ever seen the appellant Grimes on the premises prior to the night of the raid. In applying the law to the facts, the court instructed the jury, over Grimes' objection, that they might find him guilty if they found that he *kept* a gaming table or bank. While the evidence, viewed in the light most favorable to the state, might be sufficient to show that Grimes was guilty of exhibiting a game on the night charged in the indictment, it cannot be held to be sufficient to show that he *kept* the same. The learned trial court evidently overlooked the well-established rule that "there may be two distinct offenses connected with keeping and exhibiting a gaming table or bank: one may be guilty of keeping and not of exhibiting, or vice versa. Keeping is an offense continuous in nature, while exhibiting is not continuous, each act of exhibiting constituting a separate offense." 20-B Texas Juris., sec. 52, p. 105.

As the case was submitted to the jury, it was authorized to consider, in determining Grimes' guilt, the evidence that Staggner and Davis had been in business and inviting customers to come to the dice game for some time.

It is insisted by Grimes that there is no evidence sufficient to show that he was the keeper of the game. Grimes' guilt therefore depended upon whether he exhibited the game as charged in the indictment. Under such circumstances, we have concluded that the trial court should have restricted Grimes' guilt to exhibiting of the game and, not having done so, authorized Grimes' conviction for the offense of keeping a game, which the evidence did not support. Moreover, Grimes was also entitled, in connection with the above, to have his guilt restricted to the particu-

lar time or transaction which showed or tended to show that he was guilty of exhibiting the game at this particular time.

The judgment as to Grimes is reversed, and the cause is remanded; the judgments as to Staggner and Davis are affirmed.

ON THE STATE'S AND APPELLANT BARNEY STAGGNER'S
MOTION FOR REHEARING

DICE, Judge.

Motions for rehearing have been filed by both the state and the appellant Barney Staggner, the state insisting that the evidence is sufficient to sustain the conviction of the appellant R. B. Grimes which was reversed on original submission, and the appellant Staggner insisting that his conviction which was affirmed should be reversed because of the insufficiency of the evidence and certain errors in the court's charge. No motion for rehearing has been filed by the appellant Scott Davis.

We have again examined the evidence and remain convinced that the evidence is insufficient to sustain the conviction of the appellant Grimes but is sufficient to sustain the conviction of the appellant Staggner.

Appellant Staggner insists that the court's charge presents reversible error for its failure to instruct the jury upon the law of circumstantial evidence. A review of the record reflects that the various players in the dice game, who were called as witnesses by the state, testified that the appellant Staggner at times handled the money on the table, covered all bets, and paid off the bets when one of the players won. This testimony constituted direct evidence that the appellant was keeping and exhibiting the gaming table and bank and a charge on circumstantial evidence was not required. McFaddin v. State, 119 Texas Cr. Rep. 134, 46 S.W. 2d 307, and West v. State, 164 Texas Cr. Rep. 596, 301 S.W. 2d 661, reversed on other grounds.

Appellant Staggner further contends that the court's charge on principals was erroneous because it did not properly apply the law to the facts, failed to charge the converse of the matters stated therein, was a comment upon the weight of the evidence, and shifted the burden of proof to appellant. An examination of the charge reflects that after defining principals the court did apply the law to the facts as to each appellant separately and required the jury, before finding him guilty, to find from the evidence beyond a reasonable doubt that the appellant Stag-

gner, either alone or acting with others, did keep a gaming table or bank for the purpose of gaming. The court's instruction was a sufficient application of the law to the facts in submitting the issue of appellant's guilt to the jury. Dukes v. State, 161 Texas Cr. Rep. 423, 277 S.W. 2d 710. A further examination of the charge reflects that the burden of proof was placed upon the state and not upon the appellant and that the court in the charge did not comment upon the weight of the evidence. Appellant made no objection to the charge on the ground that it did not charge the converse of the law of principals. We find no error in the charge calling for a reversal of the conviction.

The motions for rehearing of both the state and the appellant Barney Staggner are overruled.

Opinion approved by the Court.