## WILLIE LOUISE KEMP V. STATE.

No. 30,778. June 10, 1959.
Motion for Rehearing Overruled October 14, 1959.

*John Cutler,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Samuel H. Robertson, Jr., David A. Gibson,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Upon a trial before the court without a jury, appellant was convicted of unlawfully possessing policy paraphernalia with a prior conviction for an offense of like character alleged for the purpose of enhancement and her punishment was assessed at confinement in jail for 60 days.

The state's evidence shows that on the day in question two officers of the city of Houston went to 1121 Court Street in the city to execute a search warrant which authorized a search of the premises for gambling equipment and paraphernalia. When the officers arrived they were met at the door by the appellant and, after exhibiting the search warrant to her, they were admitted into the house. In the search which ensued a writing tablet containing various numbers were found behind a window shade in the living room. Officer Driskell, whose qualification as an expert appellant did not question, testified that the writing tablet contained numerous policy plays which were designed and adaptable for use in a policy game. The officer further testified that the premises searched was the appellant's home and that the appellant stated she did live there. No other person was shown to be present on the premises except a Negro man who came to the house approximately ten minutes after officers arrived.

Proof was made of appellant's prior conviction as alleged. Appellant did not testify.

Appellant predicates her appeal upon two contentions.

She first contends that the evidence against her was obtained as the result of an illegal search because both the affidavit and search warrant were insufficient and invalid for various reasons. She also contends that there is no law authorizing the issuance of a search warrant to search a private residence for policy paraphernalia which is defined to be illegal under Sec. 2 of Art. 642c, V.A.P.C. The affidavit and search warrant are similar to those which were held sufficient in Cause No. 30,777, Mary Alice Griffey, Appellant v. The State of Texas, Appellee, this day decided, (page 338, this volume) 327 S.W. 2d 583, and in which it was held that the issuance of a search warrant to search a private residence for policy paraphernalia is authorized under both the general statutes, Arts. 304, 305 and 312, V.A.C.C.P., and under Art. 633, V.A.P.C., of the gaming statutes. Appellant's contention is overruled.

348

Appellant's other contention is that the evidence is insufficient to sustain her conviction because it does not show that she was in possession of the policy plays or that the policy plays were designed and adaptable for use in connection with a policy game.

With appellant's contention we do not agree.

The evidence is undisputed that the policy plays were found in the appellant's home. Appellant was present in the home when the officers searched and found the policy plays. No other person was shown to be present until the Negro man came to the house some ten minutes after the officers arrived. It is not shown that the appellant was married and that anyone actually lived in the house with her. The testimony of Officer Driskell shows that the policy plays which the officers found in the home were designed and adaptable for use in a policy game. Such evidence was sufficient to sustain the trial court's judgment finding the appellant guilty as charged.

The judgment is affirmed.

Opinion approved by the Court.