### JUAN BALLI V. STATE

No. 32,407. November 16, 1960

Appellant's Motion for Rehearing Overruled January 11, 1961

*Billy Hall*, Littlefield, for appellant.

*Curtis Wilkinson,* County Attorney, Littlefield, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is transportation of beer and whisky in a dry area; the punishment, one year in jail and a fine of $1,000.00.

Deputy Sheriff Smith testified that he was parked a short distance from a highway intersection near the town of Amherst in Lamb County during the early morning hours of the night in question when he saw a truck approach the intersection, that he pulled in behind the truck and followed it for several miles, during which time the truck ran through a stop sign and finally came to a halt near a farm house. He stated that the lights of his automobile were shining in the cab of the truck, that appellant, the only occupant, got out of the truck, and when he started to get out of his automobile appellant ran away in the darkness and he was unable to apprehend him. He did, however, positively identify appellant as the driver of the truck. Upon his return to the truck after his fruitless chase, he found that it contained 500 cases of beer and 2 cases of whisky. It was established that Lamb County was dry, and the custody of the beer and whisky introduced in evidence was traced. With this, the State rested.

Appellant did not testify, but called three witnesses who testified he was in Lubbock on the night in question.

In rebuttal, the state called the witness Stagner, who lived near the town of Amherst and who testified that a Latin-American of the same general appearance as appellant came to his house on foot early in the morning of the day following the night in question, said that he had a flat on his truck, and called Lubbock long distance, the conversation being in Spanish. Stagner further testified that on the following day he went to the office of the sheriff of Lamb County and there identified a man in custody as being the man who had used his telephone the day before. It was shown that during the seven months since the offense and before the trial appellant had grown a mustache and had cut his hair shorter, and Stagner was not able to identify the man on trial as the one who had come to his house.

Sheriff Dyer testified that he had appellant in custody a day after the event in question and that Stagner came to his office and identified him as the man who had used his telephone.

We overrule appellant's contention that the evidence is insufficient to support the conviction and that the court erred in not charging on the law of circumstantial evidence. Smith was positive in his identification, and no such charge was required. Reneau v. State, 321 S. W. 2d 886.

Appellant objected to the court's charge on alibi. We find it substantially the same as approved by this Court in Dukes v. State, 161 Tex. Cr. Rep. 423, 277 S. W. 2d 710.

There is no merit in appellant's contention that the chain of custody of the beer and whiskey was not shown. Smith testified that he turned it over to the jailer Ford. Ford testified that he turned it over to Sheriff Dyer the next morning, and Dyer testified that he had had it in his exclusive custody until the time of the trial.

We are unable to agree with appellant that the court erred in permitting the witness Smith to testify that he saw appellant shortly after his arrest and that he was the same man who ran from the truck. The fact that appellant was under arrest at the time would not inhibit the officer from identifying him. Neither Ramos v. State, 141 Tex. Cr. Rep. 126, 147 S. W. 2d 809, or Burnham v. State, 115 Tex. Cr. Rep. 350, 28 S. W. 2d 549, cited by appellant, is authority in support of appellant's position. In Ramos, the prosecutrix had identified the accused at the trial, and this Court held that it was improper to permit the officer to bolster her testimony by recounting how she had identified him immediately after the crime. Such is also true in Burnham. A case more nearly to the case at bar is our recent opinion in Lucas

v. State, 160 Tex. Cr. Rep. 443, 271 S. W. 2d 821, in which the prosecutrix *did not* identify accused at the trial, and we held it proper for an officer and her mother to testify that she had identified him at the police station soon after the crime. What we have said disposes of appellant's complaints as to the rebuttal testimony of Stagner and Dyer.

We find that the prosecutor was within the record in his argument first complained of and that the court instructed the jury not to consider the argument concerning the pictures and find no reversible error therein. Clearly, the presence of 500 cases of beer in a relatively new truck in this locality authorized the observation by the prosecutor in his argument that this was "a big time operation."

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.