**Willie Clyde RIDLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 36441.**

Court of Criminal Appeals of Texas.

Jan. 22, 1964.

Rehearing Denied March 4, 1964.

John Cutler, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James I. Smith, Jr., and Carol S. Vance, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is aggravated assault on a peace officer; the punishment, two years.

Officer Moore of the Houston Police Department testified that on the night in question while traveling in a patrol car, he observed a fight in progress in the street, that five or six males and one female were involved, that he dismounted and as he approached the group, "somebody hollered, 'There is the police!', and they all fled with the exception of the defendant * * * and as I approached him, he turned on me with a knife in his left hand and attempted to cut me, he did cut my shirt * * * above the belt line." The officer's uniform shirt was introduced in evidence without objection. He further testified that appellant was finally subdued and placed in jail.

Appellant called Betty Jean Starks, who testified that she was appellant's common-law wife, but was not living with him at the time, that appellant came to her house on the day in question, got their son and left, but later returned without the child, and a fight between them ensued. She stated that appellant was armed with a knife during the fight inside the house, but that when they repaired to the street, where the fight continued, he had put the knife away. She stated that the officer came up to where they were fighting, grabbed appellant from behind, and said, "you have a knife on me", but stated that she saw no knife in appellant's hand at the time and did not see him cut the officer.

Appellant testified that the fight arose over Betty Jean's refusal to go to a "beer joint" with him; he admitted that he had his knife open while they were fighting inside the house, but stated that he had placed it in his pocket still open when they went out into the street. He denied that he had the knife in his hand or that he cut the officer. He testified that he was treated brutally both at the scene of the arrest and at the police station.

Officer Moore was recalled and denied that he applied any force toward appellant except that which was necessary to get the knife away from him and to place him in the patrol car.

The jury resolved the conflict in the evidence against the appellant, and we find it sufficient to support the conviction.

Only two questions are presented by brief and in argument. Appellant first contends that error is reflected by the asking of the following question of Betty Jean: "That night you went to Judge W. C. Ragan, that night, and filed a charge on him." Appellant's objection and motion for mistrial were overruled, but the question was not answered in the jury's presence. After the perfection of the bills of exception in the jury's absence by which it was shown that the complaint against appellant growing out of his attack upon Betty Jean was still pending; the witness was shown a complaint and asked if it bore her signature and she replied in the affirmative. She was then asked if she had read the complaint before signing it, and she said she had not. The complaint identified by the witness does not appear in the record.

 Appellant insists that the questions set forth above constituted a violation of Article 732a Vernon's Ann.C.C.P., which prohibits proof (for the purpose of impeachment) of the pendency of a complaint which has not resulted in a final conviction. Appellant relies upon Dempsey v. State, 159 Tex.Cr.R. 602, 266 S.W.2d 875; Kassner v. State, 161 Tex.Cr.R. 646, 279 S.W.2d 341, and Tomlinson v. State, 163 Tex.Cr.R. 44, 289 S.W.2d 267. An examination of each of these cases and the other cases annotated under said article indicates that the court has construed such statute to relate to indictments, information and complaints relating to offenses alleged to have been committed prior or subsequent to the case then on trial. Here appellant called Betty Jean as his own witness, and she testified that appellant was in the act of committing an assault upon her at the time Officer Moore arrived upon the scene. It is evident that it was the intent of the Legislature by enactment of Article 732a, supra, to exclude extraneous offenses for impeachment which had not resulted in a conviction. No injury to appellant could arise and the statute is not violated where accused calls a witness who testifies on direct examination concerning an offense committed by accused upon such witness, and the State then develops the fact that the witness charged accused in a court of law with the commission of the offense about which the witness had just testified. This is especially true in a case such as the one at bar where appellant admitted having hit the witness on the face and having bit her ear. In Lunsford v. State, 159 Tex.Cr.R. 82, 261 S.W.2d 591, we said, "Since the appellant first interrogated the witness on the matter, we see no error in permitting the State to fully cross-examine her concerning the same."

■ Appellant objected to the court's charge on the grounds that it failed to instruct the jury on the defendant's right of imperfect self defense. Such question is not in the case because appellant and his witnesses denied that appellant struck or cut the officer at all.

Finding no reversible error, the judgment is affirmed.