Troy FENNELL, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 43277.

Court of Criminal Appeals of Texas.

Dec. 9, 1970.

Charles F. Baldwin, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Fort Worth, and Truman Power, John Garrett Hill, George McManus and Ronald W. Quillin, Asst. Dist. Attys., Fort Worth, and Jim

D. Vollers, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for robbery by assault with a prior felony conviction of like character alleged for enhancement; the punishment, life.

The appellant contends that the trial court erred in refusing his requested charge on circumstantial evidence.

■ The appellant's objections to the court's charge were dictated into the record and were not presented in writing as required by Articles 36.14 and 36.15, Vernon's Ann.C.C.P. This Court has consistently held that the requirements of Articles 36.14 and 36.15, supra, control over the provisions of Art. 40.09, Sec. 4, V.A.C.C.P., giving effect to a transcription of the court reporter's notes which are certified and included in the record on appeal. Thus, where an oral objection to the charge or a requested charge is only dictated to the court reporter, nothing is presented for review. Thayer v. State, Tex.Cr.App., 452 S.W.2d 496; David v. State, Tex.Cr.App., 453 S.W.2d 172. The ground of error is overruled.

Appellant also contends that the trial court erred in overruling his objections to the state's questions to his witness, Clemons, which implied his guilt of another crime and in refusing his motions for mistrial on such ground.

The appellant did not testify but called only one witness, Jerome Clemons, who had received and admittedly was serving a thirty year sentence on his plea of guilty to the robbery of the grocery store. Clemons testified that the appellant innocently accompanied him and Frank Strong to the grocery store from an apartment where he and the appellant were living; that the appellant remained in the driver's seat of the car parked nearby without knowledge that he and Frank were going to rob the store; and that appellant first learned of the robbery when they returned from the store.

The questions complained of pertained to the robbery of a store on January 27, 1969 by the appellant and Jerome Clemons. Clemons did not answer the questions.

Later, Clemons was re-called to testify by the appellant. On further re-direct examination, he testified as follows:

"Q You are the same Jerome Clemons that testified before, are you not?

"A Yes, I am.

"Q The prosecution questioned you about a robbery on the 27th of January, 1969. Were you charged with that offense?

"A I was charged with it.

"Q Was that case dismissed?

"A Yes, it was."

■ An objection to evidence is waived when the same evidence is introduced by the defendant's own witness, or when the same evidence is elicited by defendant's own trial counsel. Tomlinson v. State, 163 Tex.Cr.R. 44, 289 S.W.2d 267; Strom v. State, Tex.Cr.App., 377 S.W.2d 649; Rogers v. State, Tex.Cr.App., 420 S.W.2d 714; Davis v. State, 168 Tex.Cr. R. 588, 330 S.W.2d 443; Flores v. State, 167 Tex.Cr.R. 91, 318 S.W.2d 663; Vasquez v. State, Tex.Cr.App., 371 S.W.2d 389; Gonzales v. State, Tex.Cr.App., 389 S.W.2d 306; Brown v. State, Tex.Cr.App., 457 S.W.2d 917.

In light of this testimony, the state's questions complained of and the refusal of the mistrial was not error. This ground of error is overruled.

The judgment is affirmed.