

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00084-CR

OTIS ODELL CHANEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 30507

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

In 2004, Otis Odell Chaney admitted to having a sexual relationship with his then-girlfriend's thirteen-year-old daughter, Alice.[1]  Chaney professed his love for Alice during his audio/video-recorded confession to police, was convicted of sexual assault of a child, and was sentenced to six years' imprisonment.  He married Alice once he was released from prison.

In 2015, Alice's fourteen-year-old half-sister, Heather, moved in with Chaney and Alice and, shortly thereafter, made an outcry of sexual abuse against Chaney.  Over Chaney's Rule 403 objections,[2] the State admitted his recorded confession from the 2004 case during the guilt/innocence phase of his trial.  After hearing the evidence, which included Heather's detailed testimony, the jury convicted Chaney of sexually assaulting Heather.  The jury assessed, and the trial court imposed, a sentence of life imprisonment.

On appeal, Chaney argues that the evidence is legally insufficient to support the jury's finding of guilt.  He also argues that the trial court erred in admitting his video-recorded confession from the 2004 case.  We find that legally sufficient evidence supported the jury's verdict and that Chaney waived his objections to the 2004 recorded confession.  Accordingly, we affirm the trial court's judgment.

---

[1]To protect the identity of the minor child victim in this case, we have modified her name and the names of people related to her.  *See* TEX. R. APP. P. 9.10.

[2]*See* TEX. R. EVID. 403.

**I.     The Jury's Finding of Guilt Was Supported by Legally Sufficient Evidence**

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). Our rigorous legal sufficiency review focuses on the quality of the evidence presented. *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by the hypothetically correct jury charge test. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

The indictment alleged that Chaney, on or about March 1, 2015, "intentionally or knowingly cause[d] the penetration of the sexual organ of [Heather], a child younger than seventeen . . . by [his] sexual organ." *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (West 2011).

3

Chaney argues that while Heather testified to a sexual assault occurring in November 2014, the evidence is legally insufficient to demonstrate that he penetrated Heather's sexual organ on or about March 1, 2015, with his sexual organ. We disagree.

First, "[i]t is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitations period." *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997); *see* TEX. CODE CRIM. PROC. ANN. art. 21.02 (West 2009); *Scoggan v. State*, 799 S.W.2d 679, 680 n.3 (Tex. Crim. App. 1990). Second, our review of the evidence demonstrates that the jury's verdict is supported by legally sufficient evidence.

In this case, Heather testified that she moved in with Chaney and Alice in the summer of 2014, and that Chaney had sex with her soon after the school year began.[3] When asked to clarify what she meant when using the term "sex," Heather said, "[H]e put his private part into mine." According to Heather, Chaney had sex with her in November 2014, a few weeks after that, and a few weeks before he was arrested in May 2015.

Heather's best friend, Victoria Houghtaling, testified that while spending the night at Chaney's home, she heard Chaney tell Heather, "[E]veryone's asleep; let's have sex." Houghtaling further said that Heather told her she had sexual intercourse with Chaney in November 2014. Because she was sworn to secrecy, Houghtaling initially kept quiet. However, after Heather told her she had sex with Chaney "a couple of times," Houghtaling reported the abuse to her parents. Houghtaling's parents called Heather's mother, Emily (who had recently slept with

---

[3]Heather said, "[Chaney] had laid me on the bed and moved my shorts over to the side. And that's what happened."

Chaney) to report Heather's outcry. Emily called the police on May 2, 2015. At trial, Emily testified that Heather told her that "[t]hey had sex . . . three times."

The testimony of a child sexual-abuse victim alone is sufficient to support a conviction for sexual assault of a child. TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2016); *see Halbrook v. State*, 322 S.W.3d 716, 720 (Tex. App.—Texarkana 2010, no pet.). Heather's testimony, which was corroborated by Houghtaling and Emily, established that Chaney engaged in sexual intercourse with her as alleged in the State's indictment. Viewing the evidence in a light most favorable to the verdict, we find it legally sufficient for a jury to conclude that Chaney intentionally or knowingly caused the penetration of Heather's sexual organ by his sexual organ. Accordingly, we overrule Chaney's first point of error.

## II. Chaney Waived His Objections to the Recorded Confession

Article 38.37 of the Texas Code of Criminal procedure permits the introduction of "[e]vidence of extraneous offenses or acts" in certain types of sexual abuse cases, including this one. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37 (West Supp. 2016). The relevant portions of this Article provide,

> Sec. 2. (a) Subsection (b) applies only to the trial of a defendant for:
>
> (1)    an offense under any of the following provisions of the Penal Code:
>
> . . . .
>
> (D)    Section 22.011(a)(2) (Sexual Assault of a Child);
>
> . . . .
>
> (b)    Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2–a, evidence that the defendant has committed a separate

5

offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

Sec. 2–a. Before evidence described by Section 2 may be introduced, the trial judge must:

(1)     determine that the evidence likely to be admitted at trial will be adequate to support a finding by the jury that the defendant committed the separate offense beyond a reasonable doubt; and

(2)     conduct a hearing out of the presence of the jury for that purpose.

TEX. CODE CRIM. PROC. ANN. art. 38.37, §§ 2, 2–a.

At the Section 2–a hearing, Chaney argued, generally, that the probative value of the recorded confession was substantially outweighed by its danger of unfair prejudice because the recording's admission would "allow the jury to consider something else." *See* TEX. R. EVID. 403. After performing a balancing test, the trial court ruled that it would allow the admission of the recording.

During its opening statement, the State discussed the substance of the recording without drawing any objection from Chaney. In response, Chaney's counsel, also referring to statements in the recorded confession, informed the jury that Chaney "admitted he did it," claimed that he loved Alice, and knew that his conduct with Alice was "not appropriate." When the recording was offered through the State's first witness, Chaney reiterated his Rule 403 objection and also added that the recording was "duplicative and not appropriate." The trial court overruled his objections and admitted the recording.

6

Chaney argues that the trial court erred in overruling his Rule 403 objections because the probative value of the 2004 recorded confession was substantially outweighed by a danger of (1) unfair prejudice and (2) needless presentation of cumulative evidence. *See* TEX. R. EVID. 403. The State argues that Chaney waived these objections. We agree.

"To preserve error, it has been consistently held that one must object each and every time inadmissible evidence is offered." *Long v. State*, 10 S.W.3d 389, 399 (Tex. App.—Texarkana 2000, pet. ref'd) (citing *Ethington v. State*, 819 S.W.2d 854, 858 (Tex. Crim. App. 1991)); *see Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). "Any error in admitting the evidence is cured where the same evidence comes in elsewhere without objection." *Skeen v. State*, 96 S.W.3d 567, 575 (Tex. App.—Texarkana 2002, pet. ref'd). During trial, evidence comprising the substance of Chaney's recorded confession was admitted without objection.

Terry Jones, a Hunt County constable, testified that he interviewed Chaney in 2004 and that Chaney confessed to sexually assaulting Alice. A copy of the judgment convicting Chaney of the offense was admitted into evidence without objection. Also without objection, several witnesses, including Heather's mother, Alice, Heather, Alice's father, and Heather's uncle, testified that Chaney had confessed to sexually assaulting Alice when she was a child and that he stated he loved the child. Even Chaney, who testified in his defense, admitted that he had engaged in a sexual relationship with Alice when she was thirteen.

Because the substance of the recorded confession was included in evidence without objection, including through some of the defense witnesses, we find that Chaney waived his objections to the admission of the recording. *See Fennell v. State*, 460 S.W.2d 417, 418 (Tex.

7

Crim. App. 1970) ("An objection to evidence is waived when the same evidence is introduced by the defendant's own witness, or when the same evidence is elicited by defendant's own trial counsel."). Accordingly, we overrule Chaney's last point of error.

## III.    Conclusion

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:      October 20, 2016
Date Decided:        October 27, 2016

Do Not Publish

8