Wendell Blake STEPHENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0051–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1981.

Discretionary Review Granted
May 5, 1982.

Steve Hebert, Baytown, for appellant.

Larry P. Urquhart, Houston, for appellee.

Before SMITH, BASS and DUGGAN, JJ.

SMITH, Justice.

The appellant was found guilty of attempted capital murder by a jury. His punishment was assessed at thirty years confinement in the Texas Department of Corrections.

The evidence in the case reveals that on February 23, 1978, the appellant and his brother attempted to rob a grocery store in Houston. An employee of the grocery store set off a silent alarm, and two police officers in the immediate vicinity arrived moments later. After a cursory examination of the outside of the premises of the grocery store, the two officers entered the store. One officer stayed near the front entrance to watch a person the officers suspected was involved in the robbery, and the other walked to the courtesy booth. As the officer approached the courtesy booth, the appellant walked out of the booth behind the store manager. Immediately upon sighting the officer, the appellant started shooting. Both officers took cover and returned the appellant's fire. The appellant dragged the manager over to the side entrance of the store and escaped. The appellant's brother, who was the person standing near the front door, ran out of the store during the course of the shooting, but was caught by the police. The appellant was not apprehended until almost a year and one-half after the robbery.

The appellant alleges in two grounds of error that the trial court erred in permitting evidence which identified the appellant as the brother of the other man arrested, and in failing to grant a mistrial based on this evidence. The objectionable testimony referred to was that the State was permitted to elicit from one of the officers that the other robber's name was Stephens, that he was arrested on the night of the robbery, and that he was the brother of the appellant. The appellant complains that such

testimony was highly prejudicial, that it was a denial of his presumption of innocence, and that this was an attempt by the State to prove the appellant guilty by association.

■ We cannot agree with the appellant's reasoning. The mere statement that the appellant was the brother of the other person involved, does not, in and of itself, infer or connote guilt or innocence. This same objection was raised in *Dukes v. State*, 161 Tex.Cr.R. 423, 277 S.W.2d 710 (1955), and the court, in overruling such objection, stated, "We perceive no error in permitting the witness to identify the appellant's brother as one of the participants in the robbery." Although the officer was allowed to testify as to the kinship of the appellant and the other robber, there is no testimony in the record to reflect that the appellant's brother after his arrest was or was not convicted. The appellant's first two grounds of error are overruled.

■ The appellant's third ground of error alleges that the judgment is dated a day prior to the jury rendering its verdict and assessing punishment. The body of the judgment reflects that the jury returned its verdict on February 5, 1980. At the top of the page of the judgment there is a date typed in "February 4, 1980." This trial started on February 4, and terminated on February 5. This date, February 4, 1980, is not contained within the body of the judgment and although the date referred to should have been February 5, 1980, we cannot see how the rights of the appellant have been prejudiced in any manner. We therefore hold that this clerical error did not constitute such an error as would require a reversal of the judgment.

Article 44.24(b), V.A.C.C.P., authorizes this court to reform and correct judgments of the lower courts. A judgment may be reformed to show the correct information when the court has the necessary data and evidence to do so. *Doss v. State*, 485 S.W.2d 565 (Tex.Cr.App.1972); *Brewer v. State*, 572 S.W.2d 719 (Tex.Cr.App.1978). The body of the judgment in the instant case contains the correct date of judgment,

as do all other documents. Therefore it is the order of this court that the judgment be reformed and corrected to show the date at the top of the judgment to be February 5, 1980, instead of February 4, 1980.

The defendant has untimely filed a pro se brief which does not comply with Art. 40.-09(9). There is nothing in the record to indicate that counsel for the State was ever furnished a copy of the pro se brief. Notwithstanding the appellant's noncompliance with the Texas Code of Criminal Procedure, we have reviewed the appellant's pro se brief and find no merit in the grounds of errors alleged therein.

The appellant's grounds of errors are overruled, the conviction of the appellant is affirmed and the judgment is reformed in accordance with the instructions contained in this opinion.