Manuel Angel GUERRA, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–118–CR.

Court of Appeals of Texas, Corpus Christi.

Dec. 9, 1982.

Rehearing Denied Jan. 6, 1983.

J. Manuel Banales, Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and UTTER and GON-ZALEZ, JJ.

## OPINION

UTTER, Justice.

Appellant was convicted of murder by a jury and punishment was assessed at 99 years imprisonment. We affirm.

In his first ground of error, appellant contends that the trial court abused its discretion by admitting into evidence eight photographs. Appellant claims that these photographs, though taken from different angles, were "duplicative and repetitive of each other and of the victim," and "... were intended ... to inflame the minds of the jurors and to prejudice the jury against appellant."

■ The admissibility of photographic evidence rests largely in the discretion of the trial judge. Photographs, once shown to be a true representation of the person, place, or thing they purport to represent,

are competent evidence of those things of which it is material and relevant for a witness to give a verbal description. *Terry v. State,* 491 S.W.2d 161 (Tex.Cr.App.1973).

"Only when the probative value of the photograph is very slight and the inflammatory aspects great will it be an abuse of discretion to admit the photograph." *Blansett v. State,* 556 S.W.2d 322 (Tex.Cr.App. 1977); *Martin v. State,* 475 S.W.2d 265 (Tex.Cr.App.1972).

■ In the case before us, we hold that the photographs introduced by the State simply represented the scene of the crime and enabled the jury to better comprehend the testimony adduced at trial. Their inflammatory nature, if any, did not outweigh their probative value; consequently, no abuse of the trial court's discretion is shown, and appellant's first ground of error is overruled.

At his trial in March, 1980, appellant testified in his own behalf. The State sought to impeach his credibility with evidence of 1966 felony convictions. In his second ground of error appellant claims that the prior convictions were inadmissible because of remoteness.

There was evidence that appellant was first paroled in February, 1968, but violated his parole and was returned to prison. Appellant thought he was then released in the "last part of '68 or first part of '69 . . . ." In any event, slightly more than ten years passed between appellant's release from prison and the beginning of the present trial.

■ "The reason for the adoption of the remoteness limitation on impeachment evidence is that a remote conviction is a poor indication of the accused's present character." *Miller v. State,* 549 S.W.2d 402 (Tex.Cr.App.1977). The tendency has been to uphold admission of a prior conviction if the period of time between release from prison and trial is less than ten years. *Phenix v. State,* 488 S.W.2d 86 (Tex.Cr.App. 1972). However, the interval of time is not in itself the controlling factor and the facts of each case must determine if a prior con-

viction is too remote. *Dillard v. State,* 153 Tex.Cr.R. 134, 218 S.W.2d 476 (Tex.Cr.App. 1949). The often referred to ten-year rule of thumb is not always followed. Each case must rest on its own circumstances. *McClendon v. State,* 509 S.W.2d 851 (Tex. Cr.App.1974). Thus, the question of prior conviction is addressed largely to the discretion of the trial judge. *Davis v. State,* 545 S.W.2d 147 (Tex.Cr.App.1976).

"The question of remoteness is usually to be determined in the light of the particular facts of each case, especially regarding subsequent conduct of the convict. If there be evidence showing a lack of reformation, *or* the subsequent conviction of another felony, then the prior conviction is not deemed subject to the objection of remoteness." *Crisp v. State,* 470 S.W.2d 58 (Tex.Cr.App. 1971). (emphasis added)

We have found no case, nor has appellant cited us to one, holding that a conviction older than ten years is, prima facie, inadmissible to impeach a witness; in fact, every case discussing the subject has suggested no fixed guideline, emphasizing dependence on trial court discretion and evidence of lack of subsequent reformation.

■ In viewing the evidence, it is clear that the convictions are an accurate indication of the accused's present character. Throughout the trial record are references to appellant's continued unlawful behavior. Since his release from prison in late 1969, he has been charged with assault with intent to murder; he has been charged with a weapons violation; he shot a man in "self-defense" in 1969; he admitted to spending 20 days in jail in California; and he testified in detail to carrying a pistol around in Corpus Christi at the time of the offense for which he is now charged. We are not holding that the convictions are revitalized; rather, we hold that there is evidence of lack of reformation which, in the trial court's discretion, justifies admitting the prior convictions as indications of appellant's credibility. Remoteness is not a factor because appellant has not reformed; the old convictions are an accurate indication of the accused's present character.

The trial record also reveals that a major cause of the remoteness of the convictions is the fact that, on as many as four occasions, appellant was not present for his trial; that he was extradited at least twice from California; and that he was supposed to have been arraigned as early as August 20, 1976. The remoteness appellant claims was of his own doing. To rule otherwise than we have would allow appellant to subvert justice by securing advantage through his own wrongdoing.

■ Finally, any error committed by the trial court was rendered harmless by the evidence offered to establish proof of appellant's guilt. To constitute reversible error, the errors complained of must be calculated to injure the rights of the defendant, or it must appear from the record that the defendant was denied a fair and impartial trial. *Beck v. State,* 583 S.W.2d 338 (Tex.Cr.App.1979). But where evidence of guilt is clearly established, even Constitutional error may be harmless. *Phenix v. State,* 488 S.W.2d 759 (Tex.Cr.App.1972).

In this case the evidence of appellant's guilt is overwhelming. An eyewitness testified that he saw appellant shoot the deceased. Appellant's own brother gave a statement to the police on the morning after the murder to the same effect. Two eyewitnesses testified that they heard the shot, rushed into the room, and saw appellant in the process of scooping money off the card table, while standing over the body of the deceased. Another witness testified that he hid after hearing the shot, but saw appellant coming out of the house afterward. Appellant's brother testified on appellant's behalf at trial, but his tendency was to not remember most of the material facts; he both admitted and denied having signed the statement mentioned previously. The only other witness for the defense was appellant himself; he stated that he had just come in from California on vacation, bringing more than $3000 with him to lend to his brother and father to open a business. He did not know what the business would be. Appellant returned to California on the day after the murder

without lending any money to his family. Appellant admits that he was briefly present at the poker game, but insists that the murder occurred after he left, and that the adverse witnesses, all black, were covering for the real culprit. There was testimony that this game had been going on for approximately twenty years and that there had never before been trouble. The jury heard all this evidence and had the opportunity to judge the credibility of the witnesses. Appellant's rights have not been prejudiced. A contrary result, effecting reversal and remand, would allow appellant to benefit from his evident contempt for the law and would wreak substantial injustice. Appellant's second ground of error is overruled.

In his third ground of error, appellant claims that he "was substantially prejudiced and deprived of a fair trial when the prosecutor, in his final argument to the jury on the question of punishment, commented on the length of time appellant would have to serve before being paroled." However, what the prosecutor actually said was: "His parole was revoked, and he was sent back to the State penitentiary and according to the records, he still didn't serve the full five years." Appellant's counsel objected on grounds that "[T]here has been no evidence of that." The court sustained the objection and the jury was instructed to disregard; appellant's motion for mistrial was denied.

Nothing is presented for review when a ground of error presented on appeal varies from an objection raised at trial. *Bouchillon v. State,* 540 S.W.2d 319 (Tex.Cr. App.1976). However, even if the contention had been properly preserved, error, if any, was harmless.

It is well settled that a jury in a felony case is not authorized to consider parole law in determining the punishment to be assessed. *Graham v. State,* 422 S.W.2d 922 (Tex.Cr.App.1968). Appellant cites several cases in which improper jury argument resulted in reversal; however, in those cases, the prosecutor clearly urged the jury to consider the parole law, which is not true of the case before us. In *Pringle v. State,* 511 S.W.2d 35 (Tex.Cr.App.1974) the prosecutor, in his argument during the punishment phase, told the jury that if they assessed punishment at anything less than 30 or 40 years, the defendant "... won't be there and they won't have the opportunity to rehabilitate him ...." The court found no reversible error, stating that "[I]f the parole law were in fact injected into the jury's deliberations ... or if counsel's argument had been more directly suggestive of the matter ..., we would be confronted with a different situation." Whether improper jury argument requires a reversal should be determined on the basis of the probable effect on the minds of the jurors under the facts of each case. Ordinarily, however, any injury is obviated when the court instructs the jury to disregard the argument, unless the remark is so prejudicial that its effect cannot reasonably be removed. *Blansett v. State,* 556 S.W.2d 322, supra.

In this case, the prosecutor's remarks were far less suggestive of the parole law than those quoted in the Pringle opinion, and the jury was certainly not urged to consider parole law. In view of the trial court's prompt instruction to disregard, we will not rule that the argument was so prejudicial that its effect could not reasonably be removed. Appellant's third ground of error is overruled.

In a further ground of error appellant claims, both in a pro se brief and in a supplementary brief filed by counsel, that his conviction should be reversed because his indictment was fundamentally defective. We disagree.

Before trial the State filed a Motion requesting the court to dismiss certain portions of appellant's indictment in order to reduce the offense charged from capital murder to murder. The pertinent parts of the Motion and Order appear in the record as follows:

> MOTION TO REDUCE OFFENSE CHARGED IN THE INDICTMENT FROM CAPITAL MURDER TO MURDER
>
> The State moves to dismiss the following portions of the indictment:

"and the said Manuel Guerra did then and there intentionally cause the death of the said Clyde Wilson in the course of committing the offense of robbery."

\*   \*   \*   \*   \*   \*

### ORDER

The foregoing motion, having been presented to the Court, is hereby granted and the portions of the indictment therein indicated are ordered dismissed. *This case will proceed on the remaining portion of the indictment which charges the offense of Murder.* (emphasis provided)

Appellant contends that after the "portions" of the indictment described in the Motion are deleted it no longer describes an offense and is therefore void. Our attention is directed to the clause in the Motion which reads:

"... and the said Manuel Guerra did then and there intentionally cause the death of the said Clyde Wilson in the course of committing the offense of robbery ...."

The determination of which portions of the above clause were actually dismissed is susceptible to two interpretations. The one argued by appellant is that it designates two portions of the indictment for dismissal; namely, the portion which reads "while in the course of committing robbery" and the portion which reads "intentionally cause the death of Clyde Wilson." The interpretation argued by the State is that only the portion of the indictment which reads "while in the course of committing robbery" was to be dismissed.

The general rules of construing written instruments are applicable to orders and judgments. *Permian Oil Co. v. Smith,* 129 Tex. 413, 107 S.W.2d 564 (Tex.1937). Among those rules we find several applicable in resolving the issue raised by appellant. If an order contains language with two possible interpretations, the interpretation which makes the order correct will be adopted over an interpretation which would make it erroneous. *Austin v. Conaway,* 283 S.W. 189 (Tex.Civ.App.—Eastland 1926, no writ). A construction which gives a reasonable meaning to all of the provisions of an order instead of a construction which leaves a portion of it useless or inexplicable is preferred, but if this is impossible, then a construction should be adopted which gives effect to the main apparent purpose expressed in the language of the judgment. *Wyman v. Harris,* 222 S.W.2d 297 (Tex.Civ. App.—Beaumont 1949, writ ref'd n.r.e.). If an order is susceptible to more than one interpretation, that one should be adopted which will render it the more reasonable and which will make it harmonize with the facts. *Keton v. Clark,* 67 S.W.2d 437 (Tex. Civ.App.—Waco 1934, writ ref'd).

When these rules of construction are applied, the Order can only be construed as not dismissing the portion of the indictment which reads "intentionally cause the death of Clyde Wilson," and we so hold. If we adopt the interpretation suggested by appellant, the portion of the Order which reads "This case will proceed on the remaining portion of the indictment which charges the offense of murder" would be inexplicable, incorrect, and unreasonable. The stated purpose of the Order is simply to reduce the charge from capital murder to murder, and not to dismiss the entire case. That the trial judge did not intend to dismiss the entire case by the order is obvious in light of the fact that he proceeded to trial on the reduced charge.

Appellant has demonstrated no injury arising from the alleged faulty Motion to Reduce Offense Charged. A clerical error that does not prejudice the rights of the appellant will not require a reversal of the judgment. *Stephens v. State,* 630 S.W.2d 680 (Tex.App.—Houston [1st Dist.] 1982, pet. granted).

Also, we note that the power to reform documents is a proper exercise of appellate authority. For example, it has long been the rule that if an appellate court has the necessary data and evidence before it for reformation, the judgment and sentence may be reformed on appeal. *Knight v. State,* 581 S.W.2d 692 (Tex.Cr.App.1979); *Joles v. State,* 563 S.W.2d 619 (Tex.Cr.App.

1978); *Vasquez v. State,* 477 S.W.2d 629 (Tex.Cr.App.1972). We therefore order that the Motion to Reduce Offense Charged be reformed to conform to the Order of the trial court and thereby reflect that the case proceeded to trial on the portion of the indictment which charged the offense of murder. Appellant's ground of error is overruled.

Finally, in his pro se brief, appellant complains, first, that the trial court erred by failing to grant a motion for mistrial made because of prejudicial conduct of the prosecuting attorney in the presence of the jury. Specifically, appellant complains that, during jury argument, the prosecutor told the jury that appellant committed murder in the course of robbery, when, in fact, appellant was on trial only for murder.

However, the prosecutor never said "robbery"; his words were: "... here is this man ... stepping over the body ... and scooping the money off the table and putting it in his pocket ..."

"In order for an improper jury argument to constitute reversible error, it must be either extreme or manifestly improper or inject new and harmful facts." *Carter v. State,* 614 S.W.2d 821 (Tex.Cr.App.1981); *Kerns v. State,* 550 S.W.2d 91 (Tex.Cr.App. 1977). Two witnesses, Mr. Patterson and Ms. McGee, testified that they saw appellant taking money off the table and putting it in his pocket. Thus, the prosecutor was merely restating testimony that was already in evidence. No error is shown.

In his second pro se contention, appellant complains that the court erred by not providing him with a copy of his reindictment as was his right under Article 1, Section 10 of the Texas Constitution. However, nowhere in the record can we find evidence that appellant ever requested that he be served with a copy.

"After verdict it is too late to object for the first time that no copy of the indictment was served on the defendant." *Bonner v. State,* 29 Tex.App. 223, 15 S.W. 821 (Tex.Ct.App.1890). By appearing in court and answering the indictment without first demanding a copy, the accused waives his right to a copy. *Davis v. State,* 149 Tex.Cr.R. 98, 191 S.W.2d 733 (Tex.Cr.App. 1946).

All of appellant's grounds of error are overruled, and the judgment of the trial court is AFFIRMED.