NUMBER 13-99-232-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


JOE JOHN EREVIA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 23rd District Court of Brazoria County,

Texas.

____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and

Yañez 

Opinion by Justice Yañez


 A jury found appellant, Joe John Erevia, guilty of aggravated
robbery.(1) He pleaded "true" to two enhancement paragraphs in the
indictment for prior convictions for forgery(2) and burglary of a building.(3) 
The jury assessed punishment at thirty years imprisonment and a
$5,000 fine. He now appeals his conviction. 

 By three points of error, appellant contends: (1) the evidence is
factually insufficient to support his conviction; (2) the evidence is legally
insufficient to support his conviction; and (3) the trial court erred in
admitting two prior convictions for purposes of impeachment in
violation of rule 609 of the Texas Rules of Evidence. We affirm. 

 The victim, Robert Measles (who was ninety years old when the
incident occurred), testified that on January 5, 1997, appellant drove to
Measles's home(4) in a car he had purchased from Measles few months
earlier. Appellant had made no payments on the car. When Measles
came to the door, appellant told him to come out to the car and he
would pay him. When Measles reached the car, however, appellant
grabbed Measles's wallet out of his shirt pocket and jumped into the
car. The wallet contained approximately $200. Measles grabbed the
open car door, but appellant drove off, throwing Measles to the
pavement. Measles suffered a skinned face and injured shoulder. 
Shortly thereafter, Robert Moore, an officer with the Brazoria County
Sheriff's Department, and Chris Kincheloe, an investigator with the
sheriff's department, were called to the scene. After talking to Measles,
Kincheloe obtained a warrant for appellant's arrest, and went by
appellant's house, but he was not there. Appellant's vehicle was found
parked in nearby Sweeny, in front of the home of appellant's brother. 
After talking to appellant's nephew, Cancel headed back to appellant's
home. On the way, however, he was told appellant had fled on foot
after officers had attempted to arrest him at his home. A canine unit
was called in, and appellant was tracked from his home to a mobile
home near Measles's home. Appellant was found hiding under the
mobile home.

Legal Sufficiency


 By his second point of error, appellant contends the evidence is
legally insufficient to support his conviction. He argues there is no
evidence in the record that he intentionally, knowingly, or recklessly
caused bodily injury to Measles. 

 When reviewing the legal sufficiency of the evidence, the appellate
court shall look at all the evidence in the light most favorable to the
verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Johnson v. State, No.
1915-98, 2000 Tex. Crim. App. LEXIS 12, at *14-*15 (Tex. Crim. App.
Feb. 9, 2000). The standard is the same for cases based on both direct
and circumstantial evidence. Earhart v. State, 823 S.W.2d 607, 616
(Tex. Crim. App. 1991); Rosillo v. State, 953 S.W.2d 808, 811 (Tex.
App.--Corpus Christi 1997, pet. ref'd). We measure the legal sufficiency
of the evidence by the elements of the offense as defined by the
hypothetically correct jury charge, which accurately sets out the law, is
authorized by the indictment, and does not unnecessarily increase the
State's burden. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App.
1997); Cano v. State, 3 S.W.3d 99, 105 (Tex. App.--Corpus Christi
1999, pet. ref'd.). The jury, as the sole judge of the credibility of the
witnesses and the weight to be given their testimony, is free to accept
or reject all or any part of the testimony of any witness. Tex. Code
Crim. Proc. Ann. art. 38.04 (Vernon 1981); Sharp v. State, 707 S.W.2d
611, 614 (Tex. Crim. App. 1986), cert. denied, 488 U.S. 872 (1988). 

 Section 29.03 of the penal code provides that a person commits
aggravated robbery if he commits the offense of robbery and causes
bodily injury to a person sixty-five years or older. Tex. Penal Code Ann.
§ 29.03(a)(3)(A) (Vernon 1994). A person commits the offense of
robbery if, in the course of committing theft and with intent to obtain
or maintain control of property, he intentionally, knowingly, or recklessly
causes bodily injury to another. Tex. Penal Code Ann. §
29.02(a)(1)(Vernon 1994). The phrase "in the course of committing
theft" means conduct which occurs in an attempt to commit, during
commission, or in immediate flight after the attempt or commission of
a theft. Tex. Penal Code Ann. § 29.01(1) (Vernon 1994); Caldwell v.
State, 943 S.W.2d 551, 552 (Tex. App.--Waco 1997, no pet.). Actions
causing bodily injury in an aggravated robbery are sufficient if they
occur during the malefactor's flight from the robbery. Oggletree v.
State, 851 S.W.2d 367, 369 (Tex. App.--Houston [1st Dist.] 1993, pet.
ref'd). 

 Here, appellant contends that Measles's own actions, in grabbing
the open car door, caused him to suffer injuries. Measles testified that
appellant grabbed the wallet from Measles's jacket pocket, jumped in
the car, and with Measles holding on to the car door, drove away
abruptly, throwing him to the pavement. Officers Moore and Cancel
testified that Measles had abrasions on his head. Photographs
showing Measles's injuries were introduced into evidence. Cancel
testified that based on his understanding of the facts as they occurred,
the automobile involved in the robbery was used as a deadly weapon
because it was capable of causing serious bodily injury or death. We
hold the evidence is legally sufficient to support appellant's conviction. 
We overrule appellant's second point of error.

Factual Sufficiency

 By his first point, appellant argues that the evidence was factually
insufficient to support his conviction. He argues that because Measles
did not have good eyesight, the evidence was insufficient to support
appellant's conviction. He also argues it was significant the police did
not recover the stolen wallet. He further argues that because Measles
grabbed hold of the open car door, he, rather than appellant, was
responsible for causing the injuries he suffered. 

 When we review a factual sufficiency of the evidence point of
error, we review the evidence in support of and contrary to the trier of
fact's findings to determine whether the evidence is so weak that it
renders the verdict clearly wrong and manifestly unjust or the verdict
is contrary to the evidence. Johnson, Tex. Crim. App. LEXIS 12, at *21;
Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We
consider all the evidence in the record related to the appellant's
sufficiency challenge, comparing the weight of the evidence that tends
to prove guilt with the evidence that tends to disprove it. Santellan v.
State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). However, we are
not free to reweigh the evidence and set aside a jury verdict merely
because we believe that a different result is more reasonable. Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997); Clewis, 922
S.W.2d at 135. Only if the verdict is against the great weight of the
evidence presented at trial so as to be clearly wrong and unjust, will we
reverse the verdict and remand for a new trial. Clewis, 922 S.W.2d at
133-34; Rosillo, 953 S.W.2d at 813. 

 Although Measles has poor eyesight, he testified that his vision
improves at close range. He was able to identify appellant at trial. 
Measles testified appellant was "about five feet" away while they were
talking at the car, and at one point, appellant was close enough to reach
into Measles's jacket pocket and take the wallet. Appellant testified he
had known Measles for several months and had purchased the car from
him. He also admitted he had seen Measles on several occasions prior
to the robbery. Appellant lived up the street from Measles. Officer
Moore testified that when he first arrived at Measles's home following
the incident, Measles told him appellant was the person who had
robbed him.(5)

 The failure by the police to locate the stolen wallet is not
significant. Approximately six or seven hours elapsed between the
robbery and the time appellant was found hiding under a nearby mobile
home. The jury could reasonably have concluded that because there
was ample opportunity for appellant to dispose of the stolen property,
the failure to find it in his possession was unimportant.

 Appellant argues that by grabbing the open car door, Measles
caused his own injuries. Measles testified that when he grabbed the
open door, appellant put the car into gear and "jerked [him] down." He
testified that he skinned his face and hurt his shoulder. Moore stated
that when he arrived at Measles's house, Measles had a "big red knot"
on his head and his right hand was injured. Photographs of Measles's
injuries were introduced at trial. The jury was free to believe that the
driver's sudden acceleration of the car, with Measles holding on,
caused Measles's injuries.

 Appellant contends that on the day the robbery occurred, he had
loaned his car to Percy Moore, a man who worked with his brother. 
Appellant claims that on the day of the robbery, he traveled to Houston
with a friend, Robert Garcia. Neither Robert Garcia nor Percy Moore
testified at trial. When the patrol officers arrived at appellant's home,
he ran. Appellant testified he ran from the police because he knew
there was an outstanding warrant for his arrest for possession of
marijuana. 

 We hold that the evidence is factually sufficient to support
appellant's conviction. We overrule appellant's first point.

Impeachment with Prior Convictions


 By his third point, appellant complains that the trial court erred
when it allowed the State to impeach him by improperly questioning
him about two remote prior convictions, his 1985 burglary conviction
and 1986 forgery conviction. Appellant claims the State failed to show
that the probative value of the prior convictions substantially
outweighed their prejudicial effect, and therefore, that the trial court's
decision to admit evidence of the convictions was harmful error. The
State argues the trial court did not err in admitting the 1985 and 1986
convictions, and that even if the court erred in admitting the forgery and
burglary convictions, any such error was harmless, because the State
also introduced as impeachment evidence, without objection, two
additional prior convictions for theft committed in 1996.(6) Admission of
appellant's recent convictions for theft are not challenged on appeal.

 
Rule 609 of the Texas Rules of Evidence governs the admissibility
of prior convictions used to impeach a witness.(7)
 Rule 609(a) allows the
admission of a prior conviction into evidence for purposes of
impeachment if the prior conviction involved a felony or a crime of moral
turpitude, and the court determines the probative value "outweighs" its
prejudicial effect. See Tex. R. Evid. 609(a). In reviewing the trial court's
decision admitting into evidence a prior conviction, we must accord the
trial court "wide discretion." Theus v. State, 845 S.W.2d 874, 881 (Tex.
Crim. App. 1992).

 In the case of a prior conviction and release that took place more
than ten years before being admitted at trial, the probative value must
"substantially outweigh" the prejudicial effect.(8)
 Tex. R. Evid. 609(b);
Butler v. State, 890 S.W.2d 951, 954 (Tex. App.--Waco 1995, pet. ref'd). 
Under rule 609(b), if the prior conviction was more than ten years
before trial, the probative value of the prior conviction must
substantially outweigh the prejudicial effect and not simply outweigh
the prejudicial effect, as under rule 609(a). (emphasis added). 
Hernandez v. State, 976 S.W.2d 753, 755 (Tex. App.--Houston [1st
Dist.] 1998, pet. ref'd); Stone v. State, 17 S.W.3d 348, 349 (Tex. App.--Corpus Christi 2000, no pet.). As the court pointed out in Hernandez,
however, an appellate court may find that, while a prior conviction is
more than ten years old, later convictions for felonies or misdemeanors
involving moral turpitude remove the taint of remoteness from the prior
convictions. Id. In that circumstance, the rule 609(a) outweigh
standard is appropriate because the "tacking" of the intervening
convictions renders a conviction older than ten years not remote. Id. 

 The State impeached appellant with evidence of his 1985 burglary
and 1986 forgery convictions. Appellant's trial in the present case took
place on March 3, 1999. Appellant was convicted of forgery on June
16, 1986, and was sentenced to four years imprisonment.(9) His
probation was revoked in the burglary case on July 21, 1986, and he
was sentenced to four years confinement.(10) The State argues that if
appellant served a four-year sentence in each case, beginning the
forgery sentence on August 13, 1985, and the burglary sentence on
August 14, 1985, his date of release may have been as late as August
14, 1989, thereby rendering the convictions subject to the rule 609(a)
"outweigh" standard rather than the rule 609(b) "substantially
outweigh" standard. The record before us does not reflect the date
appellant was released in either case.(11) Even assuming, however, that
the burglary and forgery convictions are more than ten years old,
tacking appellant's two intervening convictions for theft(12) allows us to
analyze the question of admissibility as if the forgery and burglary
convictions were not remote. See Jackson v. State, 11 S.W.3d 336,
339 (Tex. App.--Houston [1st Dist.] 1999, pet. ref'd); Hernandez, 976
S.W.2d at 755. Therefore, the rule 609(a) standard is appropriate to
review the admissibility of appellant's prior forgery and burglary
convictions for purposes of impeachment. The trial court should have
applied the guidelines and factors set out in Theus, 845 S.W.2d at 880-81, to determine whether the probative value of the prior convictions
outweighed their prejudicial effect. Tex. R. Evid. 609(a); Jackson, 11
S.W.3d at 339.

 The court of criminal appeals has set out a number of factors to be
considered in weighing the probative value of a conviction against its
prejudicial effect under rule 609. Theus, 845 S. W. 2d at 880-81. A
non-exclusive list of such factors includes: (1) the impeachment value
of the prior crime, (2) the temporal proximity of the past crime relative
to the charged offense and the witness's subsequent history, (3) the
similarity between the past crime and the offense being prosecuted, (4)
the importance of the defendant's testimony, and (5) the importance of
the credibility issue. Id. 

 The record reflects that the trial court, in admitting evidence of the
prior burglary and forgery convictions, found that the "probative value
would exceed any prejudicial effect." Analyzing the court's decision
under the Theus factors, we find that the court did not abuse its
discretion when it allowed the State to impeach appellant with the prior
forgery and burglary convictions. First, forgery and burglary are crimes
of deception. The impeachment value of a crime involving deception is
higher than the impeachment value of a crime involving violence. Id. at
881. Accordingly, the impeachment value of appellant's prior
convictions for forgery and burglary was high. The first factor weighs
in favor of admission.

 Second, although appellant's convictions for burglary and forgery
were in 1985 and 1986, he was convicted in 1998 for two thefts
committed in 1996. Appellant's 1985 and 1986 burglary and forgery
convictions are not remote because his prior theft convictions can be
tacked onto his 1985 and 1986 convictions. See Hernandez, 976
S.W.2d at 756. Appellant's two theft convictions demonstrate that he
has a recent propensity for running afoul of the law. See, e.g., Guerra
v. State, 648 S.W.2d 715, 718 (Tex. App.--Corpus Christi 1982, pet.
ref'd). This factor weighs toward admissibility of the prior burglary and
forgery convictions.

 Third, appellant's prior convictions were for burglary and forgery,
neither of which is an offense similar to aggravated robbery. If the past
crime and the charged crime are similar, the third factor weighs against
admission. Theus, 845 S.W.2d at 881. The rationale behind this is that
the admission for impeachment purposes of a crime similar to the crime
charged presents a situation where the jury would convict on the
perception of a past pattern of conduct, instead of on the facts of the
charged offense. Id. Thus, the similarity factor weighs in favor of
admission of the prior burglary and forgery convictions. 

 The fourth and fifth factors---importance of the defendant's
testimony and his credibility---are related. Id. When the case involves
the testimony of only the defendant and the State's witnesses, the
importance of the defendant's credibility escalates. Id; Simpson v.
State, 886 S.W.2d 449, 453 (Tex. App.--Houston [1st Dist.] 1994, pet.
ref'd); see Polk v. State, 865 S.W.2d 627, 631 (Tex. App.--Fort Worth
1993, pet. ref'd). As the importance of the defendant's credibility
escalates, so does the need to allow the State an opportunity to
impeach his credibility. Theus, 845 S. W. 2d at 881. Appellant
presented an alibi defense. He claimed that he was in Houston with
Robert Garcia on the day the robbery occurred. He also testified that on
that day, he loaned his car to Percy Moore, a man who worked for his
brother. Normally, when a defendant presents an alibi defense, the
defendant's credibility is not a critical issue because the defendant will
have other witnesses who will be able to give evidence of his defense. 
Id. However, appellant presented no witnesses other than his own
testimony. Therefore, appellant's credibility was critical to his defense. 
However, although there was a significant need to allow the State an
opportunity to impeach appellant's credibility, the State could have
relied solely on appellant's two recent theft convictions to impeach him. 
The prior theft convictions lessened the State's need to impeach
appellant with the remote burglary and forgery convictions.

 When we weigh all the factors, we find the scale tipped in favor
of admissibility of the prior burglary and forgery convictions. Three of
the five factors favor allowing the State to impeach appellant with the
prior burglary and forgery convictions. We allow the trial court wide
discretion in weighing these factors and deciding to admit the prior
conviction. Id. A ruling permitting use of prior convictions to impeach
will be reversed only upon a showing of a clear abuse of discretion. Id. 
We cannot say that the court committed an abuse of discretion. We
overrule appellant's third point.

 We AFFIRM the judgment of the trial court. 

 


 _______________________________

 LINDA REYNA YAÑEZ

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

31st day of August, 2000.

1. Tex. Pen. Code Ann. §§ 29.02, 29.03(a)(3)A (Vernon 1994). 
2. Appellant was convicted of forgery on June 16, 1986.
3. Appellant pleaded guilty to burglary of a building on February 15, 1985. The
trial court sentenced him to ten years confinement, but suspended the sentence and
placed appellant on probation for a period of ten years. On July 21, 1986, his
probation was revoked and he was sentenced to four years imprisonment. 
4. Measles lived in a mobile home located on County Road 204 in Wild Peach,
a settlement near the City of Brazoria in Brazoria County. Appellant lived in a mobile
home "up the street" from Measles on County Road 348. 
5. Appellant notes that Kincheloe testified Measles told him "Joe Iberia" was the
person who robbed him. Measles testified, however, that he can't pronounce
appellant's last name. The jury could reasonably have concluded that Measles
identified "Joe John," as he did in court, but mispronounced appellant's last name
when talking to Cancel. 
6. On June 4, 1998, appellant pleaded guilty to a Class A misdemeanor theft
committed on December 18, 1996. See Tex. Penal Code Ann. § 31.03(e)(3) (Vernon
Supp. 2000). On June 4, 1998, he also pleaded guilty to a Class B misdemeanor theft
committed on December 1, 1996. See id. at § 31.03(e)(2). 
7. Texas Rule of Evidence 609(a) provides:

 
(a) General rule. 
 
For the purpose of attacking the credibility of a witness, evidence that
the witness has been convicted of a crime shall be admitted if elicited
from the witness or established by public record but only if the crime
was a felony or involved moral turpitude, regardless of punishment, and
the court determines that the probative value of admitting this evidence
outweighs its prejudicial effect to a party. 


Tex. R. Evid. 609(a). This rule, effective March 1, 1998, is substantially identical to
former Texas Rule of Criminal Evidence 609(a). 


8. Texas Rule of Evidence 609(b) provides:


(b) Time Limit 

 
Evidence of a conviction under this rule is not admissible if a period of
more than ten (10) years has elapsed since the date of the conviction
or the release of the witness from the confinement imposed for that
conviction, whichever is the later date, unless the court determines, in
the interests of justice, that the probative value of the conviction
supported by specific facts and circumstances substantially outweighs
the prejudicial effect.


Tex. R. Evid. 609(b). This rule, effective March 1, 1998, is identical to former
Texas Rule of Criminal Evidence 609(b). 

9. Appellant's sentence for the forgery conviction notes that the sentence was
to begin August 13, 1985. 
10. The judgment revoking appellant's probation in the burglary case states that
his four-year sentence was to begin August 14, 1985. It also notes that his "time
credited" was eleven months, seven days. 
11. Appellant testified at trial that he served two years. In its argument to the
jury at the punishment hearing, the State told the jury that appellant was released
from prison on March 11, 1988. 
12. As noted, evidence was introduced at the guilt/innocence phase of the trial
that on June 4, 1998, appellant pleaded guilty to two misdemeanor thefts committed
on December 1, 1996 and December 18, 1996. At the punishment phase, the State
also introduced evidence that appellant pleaded guilty to an assault charge in 1989
and to a possession of marijuana charge in 1992. Assault and possession of
marijuana are not crimes of moral turpitude, see Hernandez v. State, 976 S.W.2d 753,
756 (Tex. App.--Houston [1st Dist.], pet. ref'd, 980 S.W.2d 652 (Tex. Crim. App.
1998), and the trial court correctly did not consider them in its analysis. Accordingly,
we do not consider them in our analysis.