

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00224-CR

———————————————

DANIEL RAMIREZ, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CR23-0074

Before Sudderth, C.J.; Birdwell and Bassel, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

In two issues on appeal from his conviction and 27-year sentence for possession of cocaine with the intent to deliver, Daniel Ramirez (1) challenges the present assessment of costs and fees in the District Clerk's bill of costs and (2) asks us to correct a clerical error in the judgment. The State concedes only that the judgment's clerical error should be corrected. We modify the bill of costs and the judgment and affirm the judgment as modified.

## Judgment Correction

We begin with Ramirez's second issue, in which he notes that the judgment incorrectly lists the "Statute for Offense" as "Penal Code § 29.03." This section of the Penal Code describes the offense of aggravated robbery. Tex. Penal Code Ann. § 29.03. Because Ramirez was not charged with or convicted of aggravated robbery but instead was convicted of possession of cocaine with the intent to deliver,[1] the judgment should be modified to show that the "Statute for Offense" is "Tex. Health & Safety Code § 481.112(c)." We therefore sustain Ramirez's second issue and modify the judgment to show that he was convicted under Section 481.112(c) of the Texas Health and Safety Code. *See* Tex. R. App. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim App. 1992).

---

[1]Ramirez pleaded guilty without a plea bargain and elected to have a jury assess his punishment.

## Bill of Costs

In his first issue, Ramirez contends that the bill of costs should be corrected to show a balance due of $0 because although the judgment assesses $290 in costs and $75 in reimbursement fees, the trial court also selected the following provision regarding payment (Delayed Payment Option):

> The Court **ORDERS** Defendant punished in accordance with the jury's verdict or Court's findings as to the proper punishment as indicated above. *The Court **ORDERS** Defendant to pay the fines, court costs, reimbursement fees, and restitution as indicated above and further detailed below.*
> **Punishment Options (select one)**
> [X] **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the County Sheriff to take and deliver Defendant to the Director of the Correctional Institutions Division, TDCJ, for placement in confinement in accordance with this judgment. The Court **ORDERS** Defendant remanded to the custody of the County Sheriff until the Sheriff can obey the directions in this paragraph. *Upon release from confinement, the Court **ORDERS** Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or arrange to pay any fines, court costs, reimbursement fees, and restitution due.*

[Emphasis added.]

According to Ramirez, this provision means that he has no obligation to pay the assessed costs and reimbursement fees until he is released from confinement and, thus, that the District Clerk wrongfully showed these costs and fees as presently due in the bill of costs issued the same day as the judgment. *See* Tex. Code Crim. Proc. Ann. art. 103.001(b) (providing that, in district court, "a cost is not payable by the person charged with the cost until a written bill containing the items of cost is: (1) produced; (2) [properly] signed . . . ; and (3) provided to the person charged with the

3

cost"); *Allen v. State*, 426 S.W.3d 253, 256–57 (Tex. App.—Texarkana 2013, no pet.) ("[A] certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment." (quoting *Owen v. State,* 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.))).

Article 42.15(a-1) of the Texas Code of Criminal Procedure provides that if, in imposing a felony sentence, the trial court determines that "the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether" they should be fully or partially waived, discharged by community service, "required to be paid at some later date or in a specified portion at designated intervals," or discharged by any combination of these three choices. Tex. Code Crim. Proc. Ann. art. 42.15(a-1); *see also id.* art. 42.15(b)(2) (providing that the court may allow the defendant "to pay the entire fine and costs at some later date").

A majority of Texas intermediate appellate courts, including this one, have held that a trial court's assessment of costs, fees, or both in a judgment together with its selection of the Delayed Payment Option indicates that the trial court implicitly determined that the defendant was not, at the time of the sentence's imposition, immediately able to pay the judgment's assessed costs and fees. *See Gates v. State*, No. 02-23-00004-CR, 2024 WL 482436, at *4 (Tex. App.—Fort Worth Feb. 8, 2024, no

4

pet.) (mem. op., not designated for publication);[2] *see also, e.g., Bartley v. State*, No. 06-24-00052-CR, 2025 WL 915045, at *6 (Tex. App.—Texarkana Mar. 26, 2025, no pet. h.) (mem. op., not designated for publication); *Cardenas v. State*, No. 13-23-00443-CR, 2024 WL 5199222, at *4 (Tex. App.—Corpus Christi–Edinburg Dec. 19, 2024, no pet.) (mem. op., not designated for publication) (collecting cases); *Graham v. State*, No. 14-23-00737-CR, 2024 WL 5051189, at *4 (Tex. App.—Houston [14th Dist.] Dec. 10, 2024, pet. filed) (mem. op., not designated for publication); *Corona v. State*, No. 08-23-00116-CR, 2024 WL 4941322, at *6 (Tex. App.—El Paso Dec. 2, 2024, no pet.) (mem. op. on reh'g, not designated for publication); *Carter v. State*, No. 01-23-00739-CR, 2024 WL 3707829, at *8 (Tex. App.—Houston [1st Dist.] Aug. 8, 2024, no pet.) (mem. op., not designated for publication); *Bruedigam v. State*, No. 07-23-00429-CR, 2024 WL 2739395, at *2 (Tex. App.—Amarillo May 28, 2024, no pet.) (mem. op., not designated for publication); *Polanco v. State*, 690 S.W.3d 421, 434 (Tex. App.—Eastland 2024, no pet.); *Sloan v. State*, 676 S.W.3d 240, 241 (Tex. App.—Tyler 2023, no pet.) (same).

---

[2]In *Gates*, this court held that the record showed that the trial court had intended to order the costs and fees to be paid in "designated intervals" instead of only upon release from confinement because, in addition to selecting the Delayed Payment Option, the trial court had issued an inmate-funds withdrawal order to the Texas Department of Criminal Justice. 2024 WL 482436, at *4; *see* Tex. Gov't Code Ann. § 501.014(e). No funds withdrawal order is included in this appellate record nor is there any other indication that the trial court ordered the assessed fees and costs to be paid in intervals. Additionally, nothing in the record suggests that the trial court ordered the assessed fees and costs waived or discharged by community service.

The State recognizes that the trial court's choice of the Delayed Payment Option means that Ramirez does not have to pay the balance of the costs and fees until his release from confinement, but it argues nevertheless that the provision does not relieve him of the obligation to make payments during his confinement. The State did not cite any authority to this effect, nor have we found any. In the absence of any indication that the trial court intended for Ramirez to make payments during his incarceration—such as an inmate-funds withdrawal order issued in accordance with Government Code Section 501.014(e)—we conclude that the Delayed Payment Option means what is says: that Ramirez is not obligated to pay the assessed costs and fees until he is released from incarceration. *See Guerra v. State*, 648 S.W.2d 715, 720 (Tex. App.—Corpus Christi–Edinburg 1982, pet. ref'd) ("The general rules of construing written instruments are applicable to orders and judgments.").

Accordingly, we sustain Ramirez's first issue and modify the bill of costs to include a statement that the assessed costs and fees of $365 are not due until Ramirez is released from confinement, in accordance with the trial court's judgment. *See Bartley*, 2025 WL 915045, at *6.

## Conclusion

Having sustained Ramirez's first issue, we modify the bill of costs to include a statement that the assessed costs and fees are not payable by Ramirez until his release from confinement, in accordance with the language in the trial court's judgment. Additionally, having sustained Ramirez's second issue, we modify the judgment to

6

delete "Penal Code § 29.03" under the heading "Statute for Offense" and to replace it with "Tex. Health & Safety Code § 481.112(c)." We affirm the judgment as modified. *See* Tex. R. App. P. 43.2(b).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 8, 2025