

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00444-CR

———————————————

BRIAN ALTON PIPPIN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CR22-1097

---

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Birdwell

# MEMORANDUM OPINION

Appellant Brian Alton Pippin appeals from a judgment revoking his community supervision on a possession-of-a-controlled-substance offense. In three issues, he contends that the trial court erred by (1) including a $500 fine in the bill of costs,[1] (2) prematurely assessing a $15 time-payment fee, and (3) including items of cost that are not yet due and payable in the bill of costs. We agree with all three of Pippin's complaints. Accordingly, we modify the bill of costs to delete the complained-of fine and time-payment fee and to clarify that the itemized court costs and fees are not yet due.

## I. BACKGROUND

In December 2022, Pippin was indicted for third-degree-felony possession of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115(a), (c). In February 2023, he pleaded guilty pursuant to a plea bargain and was sentenced to ten years in prison and a $500 fine, but the prison sentence was suspended, and Pippin was placed on community supervision for a period of five years.

In June 2023, the State filed a motion to revoke Pippin's community supervision.[2] The trial court held a hearing on the State's revocation motion in November 2024. Pippin entered a plea of "not true" to the State's allegations, but

---

[1]Pippin does not contend that the fine was improperly assessed; he merely asserts that it should not be included in the bill of costs because it is part of his punishment, not an "item[] of cost." *See* Tex. Code Crim. Proc. Ann. art. 103.001(b).

[2]The State amended its revocation motion in October 2024.

based on the evidence presented at the hearing, the trial court found the allegations to be true, revoked Pippin's community supervision, and sentenced him to six years in prison.

After the trial court signed the judgment revoking Pippin's community supervision, the clerk filed a bill of costs setting forth the various court costs that Pippin owed. Included among these enumerated costs were the $500 fine imposed by the trial court and a $15 time-payment fee.

Pippin timely appealed.

## II. DISCUSSION

As noted, Pippin raises three issues on appeal. We address each in turn below.

## A. The $500 Fine Should Not Be Included in the Bill of Costs

In his first issue, Pippin contends that the trial court erred by including the $500 fine in the bill of costs. We agree.

A bill of costs must contain "items of cost." Tex. Code Crim. Proc. Ann. art. 103.001(b). Unlike the items of cost typically included in a bill of costs, which are nonpunitive and are intended to recoup judicial resources expended in connection with the trial of the case, fines are punitive and constitute part of a convicted person's sentence. *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011); *see Anastassov v. State*, 664 S.W.3d 815, 823 (Tex. Crim. App. 2022) ("A fine is not a court cost or fee; it is part of the punishment."). Because fines are fundamentally different from court costs, they should not be included in the bill of costs. *See Williams v. State*,

495 S.W.3d 583, 591 (Tex. App.—Houston [1st Dist.] 2016) (op. on reh'g), *pet. dism'd, improvidently granted*, No. PD-0947-16, 2017 WL 1493488 (Tex. Crim. App. Apr. 26, 2017); *see also Cornelio v. State*, No. 12-24-00279-CR, 2025 WL 657302, at *2 (Tex. App.—Tyler Feb. 28, 2025, no pet.) (mem. op., not designated for publication); *Roberts v. State*, Nos. 01-20-00226–00229-CR, 2021 WL 497306, at *7 (Tex. App.—Houston [1st Dist.] Feb. 11, 2021, no pet.) (mem. op., not designated for publication).

Accordingly, we sustain Pippin's first issue and modify the bill of costs to delete the $500 fine. *See Pruitt v. State*, 646 S.W.3d 879, 883 (Tex. App.—Amarillo 2022, no pet.) (holding that a court of appeals has authority "to modify a bill of costs independent of finding an error in the trial court's judgment"); *see also Jones v. State*, 691 S.W.3d 671, 679 (Tex. App.—Houston [14th Dist.] 2024, pet. ref'd) (rejecting State's argument that the court of appeals lacked jurisdiction to modify bills of costs). Pippin nevertheless remains obligated to pay the $500 fine as set forth in the judgment of conviction and the judgment revoking his community supervision. *See Williams*, 495 S.W.3d at 591.

## B. The Time-Payment Fee Was Prematurely Assessed

In his second issue, Pippin contends that the time-payment fee was prematurely assessed and should be removed from the bill of costs. The State concedes the error, and we agree.

The Texas Code of Criminal Procedure requires a person convicted of an offense to pay a $15 reimbursement fee if the person fails to pay any part of a fine,

4

court costs, or restitution within thirty days after the entry of a judgment ordering such payment. Tex. Code Crim. Proc. Ann. art. 102.030. However, a pending appeal suspends a convicted person's duty to pay fines, court costs, and restitution because the duty to pay is triggered only by a final judgment. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Thus, the pendency of an appeal "stops the clock" for purposes of the time-payment fee. *Id.* Accordingly, if a trial court assesses a time-payment fee before the issuance of the appellate mandate, such assessment is premature. *Id.*; *Pruitt*, 646 S.W.3d at 886.

Considering the authorities cited above, we agree with Pippin (and the State) that the time-payment fee was prematurely assessed. *See* Tex. Code Crim. Proc. Ann. art. 102.030; *Dulin*, 620 S.W.3d at 133; *Pruitt*, 646 S.W.3d at 886. Accordingly, we sustain Pippin's second issue and modify the bill of costs to delete the time-payment fee. *See Jones*, 691 S.W.3d at 679; *Pruitt*, 646 S.W.3d at 883. Our ruling is without prejudice to future assessment of the time-payment fee if, more than thirty days after our mandate issues, Pippin fails to completely pay any fine, court costs, or restitution that he owes. *See Dulin*, 620 S.W.3d at 133; *Cornelio*, 2025 WL 657302, at *2.

## C. The Remaining Costs Itemized in the Bill of Costs Are Not Yet Due

In his third issue, Pippin contends that the bill of costs should not have included any costs or fees at all because although the judgment assesses costs, reimbursement fees, and restitution, the trial court selected the following provision regarding payment (Delayed Payment Option):

> **Punishment Options:**
> [X] **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the County Sheriff to take and deliver Defendant to the Director of the Correctional Institutions Division, TDCJ, for placement in confinement in accordance with this judgment. The Court **ORDERS** Defendant remanded to the custody of the County Sheriff until the Sheriff can obey the directions in this paragraph. *Upon release from confinement, the Court **ORDERS** Defendant to proceed without unnecessary delay to the District Clerk's office, or any other office designated by the Court or the Court's designee, to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due.*

[Emphasis added.]

According to Pippin, this provision means that he has no obligation to pay the assessed costs, restitution, and reimbursement fees until he is released from confinement and, thus, that the District Clerk wrongfully showed these costs and fees as presently due in the bill of costs issued the same day as the judgment. *See* Tex. Code Crim. Proc. Ann. art. 103.001(b) (providing that, in district court, "a cost is not payable by the person charged with the cost until a written bill containing the items of cost is: (1) produced; (2) [properly] signed . . . ; and (3) provided to the person charged with the cost"); *Allen v. State*, 426 S.W.3d 253, 256–57 (Tex. App.—Texarkana 2013,

no pet.) ("[A] certified bill of costs imposes an obligation upon a criminal defendant to pay court costs, irrespective of whether or not that bill is incorporated by reference into the written judgment." (quoting *Owen v. State*, 352 S.W.3d 542, 547 (Tex. App.—Amarillo 2011, no pet.))).

Article 42.15(a-1) of the Texas Code of Criminal Procedure provides that if, in imposing a felony sentence, the trial court determines that "the defendant does not have sufficient resources or income to immediately pay all or part of the fine and costs, the court shall determine whether" they should be fully or partially waived, discharged by community service, "required to be paid at some later date or in a specified portion at designated intervals," or discharged by any combination of these three choices. Tex. Code Crim. Proc. Ann. art. 42.15(a-1); *see also id.* art. 42.15(b)(2) (providing that the court may allow the defendant "to pay the entire fine and costs at some later date").

A majority of Texas intermediate appellate courts, including this one, have held that a trial court's assessment of costs, fees, or both in a judgment together with its selection of the Delayed Payment Option indicates that the trial court implicitly determined that the defendant was not, at the time of the sentence's imposition, immediately able to pay the judgment's assessed costs and fees. *See Ramirez v. State*, No. 02-24-00224-CR, 2025 WL 1350046, at *2 (Tex. App.—Fort Worth May 8, 2025, no pet.) (mem. op., not designated for publication); *Gates v. State*, No. 02-23-00004-CR, 2024 WL 482436, at *4 (Tex. App.—Fort Worth Feb. 8, 2024, no pet.) (mem.

7

op., not designated for publication); *see also Bartley v. State*, No. 06-24-00052-CR, 2025 WL 915045, at *6 (Tex. App.—Texarkana Mar. 26, 2025, pet. filed) (mem. op., not designated for publication); *Cardenas v. State*, No. 13-23-00443-CR, 2024 WL 5199222, at *4 (Tex. App.—Corpus Christi–Edinburg Dec. 19, 2024, no pet.) (mem. op., not designated for publication); *Graham v. State*, No. 14-23-00737-CR, 2024 WL 5051189, at *4 (Tex. App.—Houston [14th Dist.] Dec. 10, 2024, pet. ref'd) (mem. op., not designated for publication); *Corona v. State*, No. 08-23-00116-CR, 2024 WL 4941322, at *6 (Tex. App.—El Paso Dec. 2, 2024, pet. ref'd) (mem. op. on reh'g, not designated for publication); *Carter v. State*, No. 01-23-00739-CR, 2024 WL 3707829, at *8 (Tex. App.—Houston [1st Dist.] Aug. 8, 2024, no pet.) (mem. op., not designated for publication); *Bruedigam v. State*, No. 07-23-00429-CR, 2024 WL 2739395, at *2 (Tex. App.—Amarillo May 28, 2024, no pet.) (mem. op., not designated for publication); *Polanco v. State*, 690 S.W.3d 421, 434 (Tex. App.—Eastland 2024, no pet.); *Sloan v. State*, 676 S.W.3d 240, 241 (Tex. App.—Tyler 2023, no pet.).

The State argues that because the above-emphasized language in the Delayed Payment Option merely instructs Pippin as to what he is required to do once he discharges his sentence and is silent regarding his obligations in the interim, it did not—by negative implication—relieve him of the duty to pay the items of cost while he is in prison. But given the authorities cited above[3] and the absence of any

---

[3]The State cited no contrary authorities.

indication that the trial court intended for Pippin to make payments during his incarceration—such as an inmate-funds withdrawal order issued in accordance with Government Code Section 501.014(e)—we conclude that the Delayed Payment Option means what is says: that Pippin is not obligated to pay the assessed costs and fees until he is released from incarceration. *See Ramirez*, 2025 WL 1350046, at *2; *see also Guerra v. State*, 648 S.W.2d 715, 720 (Tex. App.—Corpus Christi–Edinburg 1982, pet. ref'd) ("The general rules of construing written instruments are applicable to orders and judgments.").

Accordingly, we sustain Pippin's third issue and modify the bill of costs to include a statement that—in accordance with the trial court's judgment—the assessed costs and fees are not due until Pippin is released from confinement.[4] *See Bartley*, 2025 WL 915045, at *6.

### III. CONCLUSION

Having sustained all three of Pippin's issues, we modify the bill of costs to (1) delete the $500 fine; (2) delete the $15 time-payment fee without prejudice to future assessment; and (3) include a statement that the assessed costs and fees are not

---

[4]Pippin requested that we remove all items from the bill of costs, but this is not the appropriate remedy. *See Ray v. State*, No. 05-24-00455-CR, 2025 WL 1725788, at *2 (Tex. App.—Dallas June 20, 2025, no pet. h.) (mem. op., not designated for publication). Rather, when the bill of costs conflicts with the judgment's requirement that costs are not due until release from confinement, the appropriate remedy is to modify the bill of costs to include a statement showing that court costs are not due until the appellant is released from confinement. *Id.* (collecting cases); *see, e.g.*, *Ramirez*, 2025 WL 1350046, at *3 (modifying bill of costs to include statement that assessed costs and fees are not due until defendant is released from confinement).

payable by Pippin until his release from confinement, in accordance with the language in the trial court's judgment. Subject to these modifications to the bill of costs, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 24, 2025